**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| BILLY JOE ROBISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-12-212-FHS-KEW |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff Billy Joe Robison (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

(10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on May 27, 1965 and was 45 years old at the time of the ALJ's decision. Claimant attended school through the seventh grade. Claimant has worked in the past as a router tenderer in a furniture manufacturing facility. Claimant alleges an inability to work beginning April 24, 2009 due to limitations resulting from migraine headaches, high blood pressure, and chest pain.

## Procedural History

On April 14, 2009, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On July 29, 2010, an administrative hearing by video was held before ALJ Michael Kirkpatrick. On August 30, 2010, the ALJ issued an unfavorable decision on Claimant's application. The Appeals Council denied review of the ALJ's decision on March 23, 2012. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform a wide range of light work with limitations.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to fully and fairly develop the record; (2) failing to find Claimant's impairments met a listing; (3) arriving at an improper RFC determination; and (4) finding Claimant could perform the jobs

identified by the vocational expert.

## Duty to Develop the Record

In his decision, the ALJ determined Claimant suffered from the severe impairments of borderline intellectual functioning and mild degenerative disc disease. (Tr. 17). He also found Claimant retained the RFC to perform a wide range of unskilled and semi-skilled light work except that he could perform both simple, unskilled tasks and also detailed, semi-skilled tasks (but not complex, skilled tasks) which do not require interaction with the general public. (Tr. 19). After consultation with a vocational expert, the ALJ determined Claimant could perform the representative jobs of battery assembler, vending machine attendant, and printed circuit board screener which he found to exist in sufficient numbers in the national and regional economies. (Tr. 25).

Claimant first contends that the ALJ should have obtained a medical source statement from Dr. Jimmie W. Taylor, who performed a consultative physical examination of Claimant. On August 5, 2009, Claimant was examined by Dr. Taylor. He found Claimant's back to be somewhat stiff with mild decreased range of motion. His gait was safe and stable with no use of an assistive device. Toe and tandem walk was within normal limits. Dr. Taylor diagnosed

Claimant with back pain, thoracic area, question of degenerative disc disease, illiteracy, chest pain - probable musculoskeltal, and hypertension. (Tr. 272-74).

Certainly, the regulations generally require that the adjudicators request medical source statements from acceptable medical sources with their reports. Soc. Sec. R. 96-5p. However, nothing in the regulations require the reversal and remand of a case because such statements were not obtained. Indeed, the regulations expressly state that "the absence of such a statement in a consultative examination report will not make the report incomplete." 20 C.F.R. § 404.1519n(c)(6). Therefore, the failure of the ALJ to obtain a statement from Dr. Taylor does not constitute reversible error.

Claimant also contends the ALJ should have ordered a psychological evaluation due to his history of depression and anxiety. This Court does not find a history of depression and anxiety in the record such that a consultative examination would be required. Claimant has been diagnosed with insomnia due to stress/anxiety on two occasions in the record. (Tr. 307, 312). Generally, the burden to prove disability in a social security case is on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the

disability.  Branam v. Barnhart, 385 F.3d 1268, 1271 (10th Cir.
2004) citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987).  A social
security disability hearing is nonadversarial, however, and the ALJ
bears responsibility for ensuring that "an adequate record is
developed during the disability hearing consistent with the issues
raised."  Id. quoting Henrie v. United States Dep't of Health &
Human Services, 13 F.3d 359, 360-61 (10th Cir. 1993).  As a result,
"[a]n ALJ has the duty to develop the record by obtaining
pertinent, available medical records which come to his attention
during the course of the hearing."  Id. quoting Carter v. Chater,
73 F.3d 1019, 1022 (10th Cir. 1996).  This duty exists even when a
claimant is represented by counsel.  Baca v. Dept. of Health &
Human Services, 5 F.3d 476, 480 (10th Cir. 1993).  The court,
however, is not required to act as a claimant's advocate.  Henrie,
13 F.3d at 361.

The duty to develop the record extends to ordering consultative
examinations and testing where required.  Consultative examinations
are used to "secure needed medical evidence the file does not
contain such as clinical findings, laboratory tests, a diagnosis or
prognosis necessary for decision."  20 C.F.R. § 416.919a(2).
Normally, a consultative examination is required if

> (1) The additional evidence needed is not contained in
> the records of your medical sources;

(2) The evidence that may have been available from your treating or other medical sources cannot be obtained for reasons beyond your control, . . .

(3) Highly technical or specialized medical evidence that we need is not available from your treating or other medical sources;

(4) A conflict, inconsistency, ambiguity or insufficiency in the evidence must be resolved, and we are unable to do so by recontacting your medical source; or

(5) There is an indication of a change in your condition that is likely to affect your ability to work.

20 C.F.R. § 416.909a(2)(b).

The need for a psychological consultative examination based upon Claimant's condition is not apparent. As a result, this Court attributes no error in the ALJ's failure to order one.

Claimant also asserts the ALJ should have ordered literacy testing for Claimant. Some evidence in the record indicates Claimant is illiterate. However, the vocational expert testified that illiteracy would not preclude Claimant from performing the representative jobs he identified. (Tr. 53-54). Any additional testing would not have affected the ALJ's RFC determination so it is not required.

## Consideration of a Listing

Claimant contends the ALJ should have found he met Listing 12.05 for Mental Retardation. To meet or equal Listing § 12.05C,

a claimant must demonstrate the following:

> 12.05 Mental Retardation:  Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.

> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.

> \* \* \*

> C.  A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

> \* \* \*

> 20 C.F.C. Pt. 404, Subpt. P, App. 1, Listing 12.05C.

Claimant must satisfy all of these required elements for a Listing to be met.  <u>Sullivan v. Zebley</u>, 493 U.S. 521, 530 (1990). On July 6, 2009, Claimant underwent a consultative mental health examination by Dr. Denise LaGrand.  Dr. LaGrand administered the Wechsler Adult Intelligence Scale - 4th Edition.  She concluded Claimant had a full scale IQ score of 70.  Claimant would appear to meet the criteria under Listing § 12.05C of having an IQ of 70 and suffering from another severe mental or physical impairment, as the ALJ found Claimant suffered from the additional severe impairment mild degenerative disc disease.  (Tr. 17).

In addition to these required findings, Claimant must also meet the "capsule definition" requirement that he have "significantly subaverage general intellectual functioning with deficits in

adaptive functioning." § 12.05. Dr. LaGrand concluded Claimant suffered from borderline intellectual functioning with only mild organic impairment. (Tr. 268). Claimant continued to work in his job for 16 years until he was laid off in April of 2009. (Tr. 36-37). This fact would contraindicate deficits in adaptive function. Therefore, Claimant does not meet the criteria for Listing 12.05C.

## RFC Determination

Claimant contends the ALJ should have obtained a medical source statement from Dr. Taylor which would have affected his RFC assessment. This Court has found no error in failing to obtain such a statement.

Claimant also asserts that Dr. LaGrand's opinion that Claimant would need additional time to complete tasks was not accommodated in the RFC. The ALJ restricted Claimant to simple, unskilled tasks and detailed, semi-skilled tasks with no complex, skilled tasks. (Tr. 19). This limitation adequately addressed Dr. LaGrand's concerns in light of the other medical opinion evidence from Dr. Sharon Taber and Dr. Sally Varghese. (Tr. 296, 308).

Claimant contends the ALJ improperly discounted his credibility. It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the

finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

The ALJ affirmatively linked his findings on Claimant's credibility to the medical record. No error is found in his reasoning. (Tr. 19-24).

## Step Five Analysis

Claimant contends the ALJ's hypothetical questioning of the vocational expert did not reflect all of his limitations when the further restrictions now urged are considered. This Court has found the ALJ's RFC to be appropriate and the limitations contained in

that RFC was utilized in the questioning of the vocational expert. This Court finds no error in the step five analysis.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 13th day of September, 2013.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE